1
2
3
4
5

MCGUIREWOODS LLP
ALISON V. LIPPA (SBN 160807)
1800 Century Park East, 8th Floor
Los Angeles, CA  90067
Telephone:      310.315.8200
Facsimile:      310.315.8210
Email:              alippa@mcguirewoods.com

6
7

Attorney for Defendants
NATIONSTAR MORTGAGE LLC, *erroneously sued as Nationstar Mortgage, individually and as successor in interest to Aurora Bank FSB*, and U.S. BANK, N.A., *erroneously sued as U.S. Bank*

8

## UNITED STATES DISTRICT COURT

9

## NORTHERN DISTRICT OF CALIFORNA – OAKLAND DIVISION

10

11
12
13
14
15
16
17

RANI CROSHAL, an individual; and
BRADLEY CROSHAL, an individual,

        Plaintiffs,

  vs.

AURORA BANK, FSB; NATIONSTAR
MORTGAGE; U.S. BANK; and DOES 1 -
100, inclusive,

        Defendants.

**CASE NO. 4:13-cv-05435-SBA**

**DEFENDANTS' NOTICE OF HEARING ON MOTION AND MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(B)(6); MEMORANDUM OF POINTS & AUTHORITIES IN SUPPORT THEREOF**

18
19

Date:           February 18, 2014
Time:           1:00 p.m.
Judge:          Hon. Saundra Brown Armstrong
Courtroom: 1

20
21

Date Complaint Filed:      October 23, 2013
Trial Date:                         None Set

22
23
24
25
26
27
28

---

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that on February 18, 2014 at 1:00 p.m., or as soon thereafter as this matter may be heard, in Courtroom 1, before the Honorable Saundra Brown Armstrong of the United States District Court for the Northern District of California, Oakland Division, located at 1301 Clay Street Oakland, California 94612, Defendants NATIONSTAR MORTGAGE LLC (erroneously sued as "Nationstar Mortgage"), *individually and as successor in interest to Aurora Bank FSB*, and U.S. BANK, N.A., *erroneously sued as U.S. Bank* ("Defendants") will move the Court pursuant to Fed. R. Civ. Proc. Rule 12(b)(6) for an order dismissing Plaintiffs' First Amended Complaint ("FAC") filed on December 17, 2013 and all claims alleged against Defendants.

The grounds for this motion are: (1) Plaintiffs have failed to state a claim against Defendants upon which relief can be granted [Fed. Rule Civ. P. 12(b)(6)]; (2) the FAC is not pled with the particularity requirements of Fed. Rule Civ. P. 9(b); (3) the FAC's defects are such that they are incurable and incapable of amendment; and (4) Plaintiffs can prove no set of facts in support of their claims which would entitle them to relief.  Accordingly, the FAC and the claims brought against Defendants therein should be dismissed with prejudice.

The Motion will be based on this Notice of Motion, the supporting Memorandum of Points and Authorities attached hereto, the judicially noticed documents, the pleadings, records and files in this action, and upon such further oral or documentary evidence and argument as may be presented at or before the hearing and any other matter the Court may deem appropriate.

Dated: January 3, 2014                         **MCGUIREWOODS LLP**


                                                          By:     /s/ Alison V. Lippa
                                                                  Alison V. Lippa, Esq.
                                                                  Attorneys for Defendants
                                                          NATIONSTAR MORTGAGE LLC, *erroneously sued as Nationstar Mortgage, individually and as successor in interest to Aurora Bank FSB*, and U.S. BANK, N.A., *erroneously sued as U.S. Bank*

2

# TABLE OF CONTENTS

Page

I.  INTRODUCTION .................................................................................................... 1

II.  STANDARD OF REVIEW ..................................................................................... 2

III.  PLAINTIFFS DEFAULTED ON THEIR MORTGAGE OBLIGATIONS ......................... 2

IV.  THE FAC IS GLOBALLY DEFECTIVE ................................................................. 3

    A.  The FAC Must Be Dismissed for Failure to Satisfy Fed. R. Civ. P. 8(A). ............... 3

    B.  Plaintiffs Lack Standing Where They Have Not Actually Tendered the Outstanding Amount of the Indebtedness. ................................................. 5

V.  PLAINTIFFS' INDIVIDUAL CLAIMS FAIL AS A MATTER OF LAW ........................ 6

    A.  Plaintiffs Fail to State a Cause of Action for Breach of Contract.  (COA 1) ............ 6

    B.  The Breach of the Covenant of Good Faith and Fair Dealing Claim Fails (COA 2) ......................................................................................... 8

    C.  Plaintiffs Fail to State a Claim for Violation of Cal. Civil Code Section 2923.55.  (COA 3). ..................................................................... 10

    D.  Plaintiffs Fail to State a Claim under Cal. Bus. & Prof. Code Section 17200. (COA 4) ......................................................................................... 11

        1.  Plaintiffs Lack Standing to Pursue a UCL Claim. ..................................... 11

        2.  Plaintiffs' UCL ClaimFails. ................................................................. 12

VI.  LEAVE TO AMEND SHOULD NOT BE GRANTED ................................................. 14

VII.  CONCLUSION .................................................................................................... 15

1

## TABLE OF AUTHORITIES

2

**Page(s)**

3

**FEDERAL CASES**

4

*Alicea v. GE Money Bank*
  2009 WL 2136969 (N.D. Cal. July 16, 2009) ........................................................ 5

5

6

*Ashcroft v. Iqbal*
  129 S.Ct. 1937 (2009) ............................................................ 2, 3, 4

7

8

*Bell Atlantic Corp. v. Twombly*
  550 U.S. 544 (2007) ......................................................... 2, 3, 4, 5

9

*Bonin v. Calderon*
  59 F.3d 815 (9th Cir. 1995) ........................................................ 14

10

11

*Carson v. Bank of America, N.A.*
  2013 U.S. Dist. LEXIS 12800 (2013) .................................................. 13

12

*Desaigoudar v. Meyercord*
  223 F.3d 1020 (9th Cir. 2000) ...................................................... 14

13

14

*Durning v. First Boston Corp.*
  815 F.2d 1265 (9th Cir. 1987) ....................................................... 2

15

16

*Ferrington v. McAfee, Inc.*
  2010 U.S. Dist. LEXIS 106600 (N.D. Cal. 2010) ...................................... 13

17

*Franczak v. Suntrust Mortg. Inc.*
  2013 U.S. Dist. LEXIS 31138 (2013) ............................................. 9, 10

18

19

*Gauvin v. Tombatore*
  682 F. Supp. 1067 (N.D. Cal. 1988) ................................................... 4

20

21

*Harris v. Wells Fargo Bank, N.A.*
  2013 U.S. Dist. LEXIS 61847 (N.D. Cal. 2013) ....................................... 14

22

*Johnston v. Ally Fin., Inc.*
  2011 U.S. Dist. LEXIS 83298 (S.D. Cal. 2011) ........................................ 4

23

24

*Lozano v. AT&T Wireless Servs.*
  504 F.3d 718 (9th Cir. 2007) ........................................................ 13

25

*McNeil v. Home Budget Loans*
  2010 U.S. Dist. LEXIS 58111 (C.D. Cal. 2010) ........................................ 4

26

27

*Miller v. Rykoff-Sexton, Inc.*
  845 F.2d 209 (9th Cir. 1988) ........................................................ 15

28

*Navarro v. Block*
    250 F.3d 729 (9th Cir. 2001)................................................................. 2

*Pacini v. Nationstar Mortgage*
    LLC, 2013 U.S. Dist. LEXIS 84215 (N.D. Cal. 2013) ............................ 8

*Plastino v. Wells Fargo Bank*
    873 F. Supp. 2d 1179 (N.D. Cal. 2012) ................................................. 9

*Ren v. Wells Fargo Bank, N.A.*
    2013 U.S. Dist. LEXIS 80575 (N.D. Cal. 2013).................................... 8

*Rosenfeld v. JPMorgan Chase Bank, N.A.*
    732 F.Supp.2d 952 (N.D. Cal. 2010) .................................................... 9

*Saldate v. Wilshire Credit Corp.*
    268 F.R.D. 87 (E.D. Cal. 2010)............................................................ 4

*Wayne Merritt Motor Co. v. N.H. Ins. Co.*
    2012 U.S. Dist. LEXIS 105117 (N.D. Cal. 2012)................................ 14

**CALIFORNIA CASES**

*Abdallah v. United Savs. Bank*
    43 Cal.App.4th 1101 (1996)................................................................. 5

*Armstrong Petroleum Corp. v. Tri-Valley Oil & Gas Co.*
    116 Cal.App.4th 1375 (2004)............................................................... 8

*Arnolds Mgmt. Corp. v. Eischen*
    158 Cal.App.3d 575 (1984).................................................................. 6

*Berryman v. Merit Prop. Mgmt., Inc.*
    152 Cal.App.4th 1544 (2007)............................................................. 12

*Cal-Tech Commc'ns., Inc. v. L.A. Cellular Tel. Co.*
    20 Cal.4th 163 (1999)........................................................................ 12

*Careau & Co. v. Sec. Pac. Bus. Credit, Inc.*
    222 Cal.App.3d 1371 (1990).............................................................. 10

*Carma Developers, Inc. v. Marathon Dev. Cal., Inc.*
    2 Cal.4th 342 (1992)............................................................................ 9

*Durell v. Sharp Healthcare*
    183 Cal.App.4th 1350 (2010)............................................................. 12

*Golden Eagle Refinery Co., Inc. v. Associated Intern Ins. Co.*
    83 Cal.App.4th 1300 (2001)................................................................. 7

iii

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

*Guz v. Bechtel Nat. Inc.*
    24 Cal.4th 317 (2000)............................................................................ 8

*Khoury v. Maly's of Cal., Inc.*
    14 Cal.App.4th 612 (1993).................................................................. 13

*Klein v. Earth Elements*
    59 Cal.App.4th 965 (1997).................................................................. 13

*Krantz v. BT Visual Images*
    89 Cal.App.4th 164 (2001).................................................................. 12

*Lazar v. Hertz Corp.*
    69 Cal.App.4th 1494 (1999)................................................................ 12

*Lazar v. Super. Ct.*
    12 Cal.4th 631 (1996).......................................................................... 14

*Levy v. State Farm Mut. Auto Ins. Co.*
    150 Cal.App.4th 1 (2007)...................................................................... 7

*Motors, Inc. v. Times Mirror Co.*
    102 Cal.App.3d 735 (1980).................................................................. 12

*Oakland Raiders v. Oakland-Alameda Co. Coliseum*
    144 Cal.App.4th 1175 (2006)............................................................... 13

*People v. McKale*
    25 Cal. 3d 626 (1979).......................................................................... 12

*Perlas v. GMAC Mortgage LLC*
    187 Cal.App.4th 429 (2010)................................................................ 14

*Racine & Laramie, Ltd. v. California Dep't of Parks & Recreation*
    11 Cal.App.4th 1026 (1992)................................................................... 9

*Reichert v. General Ins. Co.*
    68 Cal.2d. 822 (1968)............................................................................ 7

*S. Bay Chevrolet v. Gen. Motors Acceptance Corp.*
    72 Cal.App.4th 861 (1999).................................................................. 12

*Saunders v. Sup. Ct.*
    27 Cal.App.4th 832 (1994).................................................................. 12

*Scripps Clinic v. Superior Court*
    108 Cal.App.4th 917 (2003)................................................................ 12

*Stebley v. Litton Loan Servicing, LLP*
    202 Cal.App.4th 522 (2011)................................................................... 6

*Tarmann v. State Farm Mut. Auto. Ins. Co.*
  2 Cal.App.4th 153 (1991)........................................................................... 14

*U.S. Cold Storage v. Great W. Sav. & Loan Ass'n*
  165 Cal.App.3d 1214 (1985)......................................................................... 5

*Warren v. Merrill*
  143 Cal.App.4th 96 (2006)........................................................................ 13

**CALIFORNIA STATUTES**

Cal. Bus. & Prof. Code § 17200.................................................................. 1, 11

Cal. Bus. & Prof. Code § 17204...................................................................... 11

Cal. Civ. Code § 2920.5 ................................................................................. 11

Cal. Civ. Code § 2923.55 ........................................................................ passim

Cal. Civ. Code § 2923.55(b)(1)(B) ................................................................ 11

Cal. Civ. Code § 2923.55(b)(2)...................................................................... 10

Cal. Civ. Code § 2923.55(b)(2)(c) ................................................................. 11

Cal. Civ. Code § 2924 .............................................................................. 10, 11

**OTHER AUTHORITIES**

Fed. R. Civ. P. Rule 8............................................................................ 2, 3, 4, 5

Fed. R. Civ. P. Rule 8(a) .......................................................................... 3, 11

Fed. R. Civ. P. Rule 8(a)(2)............................................................................. 3

Fed. R. Civ. P. Rule 9(b) ..................................................................... 1, 13, 14

Fed. R. Civ. P. Rule 12(b)(6) ....................................................................... 1, 2

## STATEMENT OF ISSUES PRESENTED AND RELIEF SOUGHT

Defendants NATIONSTAR MORTGAGE LLC (erroneously sued as "Nationstar Mortgage"), *individually and as successor in interest to Aurora Bank FSB* ("Nationstar"), and U.S. BANK, N.A., *erroneously sued as U.S. Bank* ("U.S. Bank") (collectively, "Defendants") submit this Motion to Dismiss the First Amended Complaint ("FAC") pursuant to Fed. R. Civ. Proc. Rule 12(b)(6) for an order dismissing Plaintiffs' RANI and BRADLEY CROSHAL ("Plaintiffs") FAC filed on December 17, 2013 and all claims alleged against Defendants. The grounds for this motion are: (1) Plaintiffs have failed to state a claim against Defendants upon which relief can be granted [Fed. Rule Civ. P. 12(b)(6)]; (2) the FAC is not pled with the particularity requirements of Fed. Rule Civ. P. 9(b); (3) the FAC's defects are such that they are incurable and incapable of amendment; and (4) Plaintiffs can prove no set of facts in support of their claims which would entitle them to relief. Accordingly, the FAC and the claims brought against Defendants therein should be dismissed with prejudice.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.    INTRODUCTION

Plaintiffs initiated this action as a means of preventing the foreclosure of the real property located at 535-537 Ivy Street, San Francisco, CA 94102 (the "Property"). Plaintiffs filed this substantially unchanged FAC prior to Defendants' Motion to Dismiss the Complaint was heard. The FAC also relates to a $570,000 mortgage loan that Plaintiffs obtained in April 2007 from the original lender Greenpoint Mortgage Funding, Inc. ("Greenpoint") for this income property. Plaintiffs seek to challenge the foreclosure process – although no trustee sale date has been set -- by suing Defendants. The FAC alleges the same claims for wrongdoing related to the modification and foreclosure processes and asserts the same four causes of action for: (1) Breach of Contract; (2) Violations of *Cal. Civ. Code* § 2923.55; (3) Breach of the Implied Covenant of Good Faith and Fair Dealing; and (4) Violation of *Cal. Bus. & Prof. Code* § 17200. The applicable law, however, does not support a viable cause of action under any of Plaintiffs' asserted claims because Plaintiffs' underlying premise lacks merit. Plaintiffs fail to assert the existence of a valid or executed contract or that Defendants breached the terms of a "Repayment Agreement"

concerning the terms of payment of the outstanding arrears on their loan. Plaintiffs also fail to establish that Defendants have violated the California Homeowner Bill of Rights, Cal. Civil Code Section 2923.55, because the operable Notice of Default does not contain an incorrect Declaration. Accordingly, Defendants respectfully move this Court to dismiss the FAC with prejudice.

## II.  **STANDARD OF REVIEW**

Motions to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) test the legal sufficiency of the Complaint.  *See Navarro v. Block,* 250 F.3d 729, 732 (9th Cir. 2001).  Mere "labels and conclusions" and/or "formulaic recitation[s] of the elements of a cause of action" will not suffice to overcome a motion to dismiss. *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544 (2007).  Rather, Plaintiff must allege sufficient facts to state a claim that is "plausible on its face…allow[ing] the court to draw the reasonable inference that [Defendants are] liable for the misconduct alleged." *Ashcroft v. Iqbal,* 129 S.Ct. 1937, 1949 (2009)  When considering a motion to dismiss, the Court should also disregard allegations that are contradicted by exhibits to the complaint or by documents referred to therein and considered pursuant to judicial notice.  *Durning v. First Boston Corp.,* 815 F.2d 1265, 1267 (9th Cir. 1987).

## III.  **PLAINTIFFS DEFAULTED ON THEIR MORTGAGE OBLIGATIONS**

On April 13, 2007, Plaintiffs Rani and Bradley Croshal obtained a mortgage loan in the amount of $570,000 from Greenpoint (the "Note").  The Note was secured by a Deed of Trust ("DOT") which was recorded in San Francisco County on April 13, 2007 and secured by the Property.[1] (See Request for Judicial Notice ("RJN"), **Exh. A [DOT]**).  The DOT provides that

---

[1]  Plaintiffs name "U.S. Bank" as a defendant in this matter.  The FAC asserts "on information and belief" that "US Bank was the beneficiary and or servicer of Plaintiffs' loan under the Promissory Note and deed of trust during a substantial portion of the relevant events contained herein." (FAC ¶ 4).  The DOT identifies Greenpoint as the lender and beneficiary of the Loan at the time of origination.  (RJN Exh. A).  U.S. Bank is not identified in the DOT.  The Corporation Assignment, under which the nominee for the lender assigned the beneficial interest from Greenpoint to Nationstar, was recorded in 2012.  (RJN Exh. B).  Nationstar is the current servicer of the Loan.  Defendants therefore have found no connection between U.S. Bank and the Loan and the FAC therefore fails against U.S. Bank for uncertainty and for failure to comply with Fed. R. Civ. P. 8 which requires a complaint to allege "enough facts to state a claim for relief that is

upon breach of the loan agreement, the Lender can give notice to accelerate. (RJN, Exh. A).

On September 19, 2012 the nominee for the beneficiary assigned all beneficial interest under the DOT to Nationstar Mortgage LLC.  (RJN, **Exh. B [Corporate Assignment of Deed of Trust]**).  On July 10, 2013, Nationstar recorded a Substitution of Trustee naming Cal-Western Reconveyance LLC ("Cal-Western") as the new trustee under the DOT.  (RJN, **Exh. C [Substitution of Trustee]**).  When Plaintiffs stopped paying their mortgage, Cal-Western recorded a Notice of Default on July 16, 2013 in San Francisco County.  (RJN **Ex. D [July 2013 NOD]**).  The July 2013 NOD was later rescinded, (RJN **Ex. E [Rescission]**), and the trustee recorded a second Notice of Default on August 27, 2013 ("August 2013 NOD").  The August 2013 NOD indicates that Plaintiffs were $42,029.08 in arrears as of August 23, 2013. (RJN, **Exh. F [August 2013 NOD]**).  No trustee sale date is currently scheduled.

**IV.     THE FAC IS GLOBALLY DEFECTIVE**

**A.     The FAC Must Be Dismissed for Failure to Satisfy Fed. R. Civ. P. 8(A).**

Plaintiffs' claims are governed by Fed. R. Civ. P. 8 ("Rule 8") which requires a complaint to allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp.*, 550 U.S. at 555.  Plaintiff must plead sufficient facts "to provide the 'grounds' of [her] entitle[ment] to relief, [which] requires more than labels and conclusions, and [for which] a formulaic recitation of the elements of a cause of action will not do."  *Id*.  A pleading must contain "[a] short and plain statement of the claim showing that the pleader is entitled to relief.  *See* Fed. R. Civ. P. 8(a).  A complaint may be dismissed under Rule 8 where it fails to "raise a right to relief above a speculative level" and "must not be "so vague or ambiguous that a party cannot reasonably be expected to frame a responsive pleading."  *Id*. at 555.  The "short and plain statement of the claim" required by Rule 8(a)(2) must not only designate a cause of action, but must also include enough factual allegations to render the claim plausible. *Iqbal,* 129 S.Ct. at 1950. Such factual allegations must provide enough information for "the court to draw the reasonable inference that

plausible on its face." *Bell Atl. Corp.*, 550 U.S. at 555.

the defendant[s are] liable for the misconduct alleged." *Id.* at 1149.

Rule 8 is violated where "it is nearly impossible to discern a short and concise set of facts underlying the multitude of claims, including which claims are asserted against which Defendants and for what reasons." *McNeil v. Home Budget Loans* 2010 U.S. Dist. LEXIS 58111 (C.D. Cal. 2010). This tactic, known as "group pleading", fails to provide any of the defendants with "fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp.,* 550 U.S. at 555; *Gauvin v. Tombatore* 682 F. Supp. 1067, 1071 (N.D. Cal. 1988) (lumping all defendants together fails to satisfy Rule 8 notice provision).

The Complaint in the instant action was uncertain because Plaintiffs failed to attach a copy of the alleged "Repayment Agreement." The FAC remains equally uncertain. Plaintiffs have attempted to cure their defect of leaving out the contract that they alleged was breached but attaching an unsigned copy of a "Repayment Agreement" that they allege was "fully executed" and "signed by Aurora." Plaintiffs therefore continue to deprive Defendants of fair notice of the claims alleged against them where Plaintiffs did not attach the "fully executed Repayment Agreement" referenced in paragraphs 18-21 of the FAC. Instead, Plaintiffs only attach an unexecuted document they claim was in force and effect between the parties. Plaintiffs make no effort to explain why they have not attached the fully executed agreement, or even the version of the agreement that they executed. The document attached is therefore not a contract, and does not govern any duties or responsibilities between the parties. In an action based on an alleged breach of a written contract, "the terms must be set out verbatim in the body of the complaint or a copy of the written instrument must be attached and incorporated by reference." *Johnston v. Ally Fin., Inc.* 2011 U.S. Dist. LEXIS 83298, * 6 (S.D. Cal. 2011). Stated differently, "where a party relies in his complaint upon a contract in writing, and it affirmatively appears that all the terms of the contract are not set forth in haec verba, nor stated in their legal effect, but that a portion which may be material has been omitted, the complaint is insufficient." *Saldate v. Wilshire Credit Corp.,* 268 F.R.D. 87, 102 (E.D. Cal. 2010).

Here, Plaintiffs allege that Defendants breached a "Repayment Agreement," but fail to provide an executed copy of the alleged agreement. Plaintiffs purport to set forth alleged "terms"

4

of the Repayment Agreement, but assert only that Plaintiffs would "pay arrears over a twelve month period," that after doing so their arrearage would be brought "current" and that Plaintiffs would then agree to "resume making the regular monthly payments …"  (FAC ¶ 18).  Though this paragraph purports to quote terms of the alleged agreement, Plaintiffs' efforts to represent the essential terms of the alleged agreement fail.  First, it is unclear whether Plaintiffs even entered into any kind of enforceable agreement with Defendants since they have provided only an unsigned copy of the alleged agreement.  Plaintiffs do not state whether they themselves accepted or signed any such Repayment Agreement, they do not explain why the Aurora signature is absent although they allege that an Aurora "CRM-SPOC Supervisor named Jesse Bainter" signed the agreement, FAC ¶ 18, and they fail to attach an executed version of the agreement.  Further, Plaintiffs make no effort to identify with specificity the provisions that they claim were breached. In short, Plaintiffs fail in any meaningful way to describe the alleged agreement or any of its essential terms or conditions, or that an agreement actually ever existed.  Without these pieces, Plaintiffs do not "state a claim to relief that is plausible on its face." *Twombly,* 550 U.S. at 570.

As Plaintiffs' allegations fail Rule 8's basic requirements and do not permit Defendants to assert defenses to their allegations of the existence of a contract, the FAC should be dismissed.

**B.** **Plaintiffs Lack Standing Where They Have Not Actually Tendered the Outstanding Amount of the Indebtedness.**

Plaintiffs lack standing to assert any claims attacking the validity of the foreclosure process or to seek injunctive relief because they have failed to allege tender of the secured obligation. To have standing, a plaintiff challenging a foreclosure sale must allege tender under "any cause of action for irregularity in the sale procedure." *Abdallah v. United Savs. Bank,* 43 Cal.App.4th 1101 (1996). "When a debtor is in default of a home mortgage loan, and a foreclosure is either pending or has taken place, the debtor must allege a credible tender of the amount of the secured debt to maintain any cause of action for wrongful foreclosure." *Alicea v. GE Money Bank* 2009 WL 2136969, at *3 (N.D. Cal. July 16, 2009); *see also U.S. Cold Storage v. Great W. Sav. & Loan Ass'n,* 165 Cal.App.3d 1214, 1225 (1985) ("It would be futile to set aside a foreclosure sale on the technical ground that notice was improper, if the party making the challenge did not first make full

tender and thereby establish his ability to purchase the property."). "It is settled that an action to set aside a trustee's sale for irregularities in sale notice or procedure should be accompanied by an offer to pay the full amount of the debt for which the property was security." *Arnolds Mgmt. Corp. v. Eischen,* 158 Cal.App.3d 575, 580 (1984) (emph. added) (affirming sustainment of demurrer without leave to amend). Plaintiffs in the instant matter do not allege credible tender although their claims are integrated with allegations of wrongful foreclosure. (*See* generally FAC).

Plaintiffs have made no effort in the FAC to allege that they have paid the outstanding balance of the debt, and instead assert generally and vaguely that they have been "prevented" from performing under a Repayment Agreement. (*See e.g.,* FAC ¶¶ 32-33, 39-41). However, Plaintiffs fail to allege how they attempted to make any payments under their Deed of Trust and Note, when such payments were attempted and when payments were refused. They allege only that they "attempted" to make payment under a "Repayment Agreement" that they neither attach to the FAC nor describe in sufficient particularity as to make the essential terms of the agreement clear in the FAC. (*See* generally FAC.) In the end, Plaintiffs still have to actually tender before asserting any claims attacking the foreclosure sale. Until then, the FAC fails for lack of tender. As the court noted in *Stebley v. Litton Loan Servicing, LLP,* 202 Cal.App.4th 522, 526 (2011), to allege a viable claim for attacking a foreclosure sale based upon equitable principles, a complaint must allege more than just an offer to tender. The complaint must demonstrate that there already has been a full tender of the debt. Otherwise the borrower receives a windfall by obtaining real property and evading a lawful debt. (*Id.*)

Accordingly, Plaintiffs lack standing and their claims that challenge the foreclosure should be dismissed.

## V. **PLAINTIFFS' INDIVIDUAL CLAIMS FAIL AS A MATTER OF LAW**

### A. **Plaintiffs Fail to State a Cause of Action for Breach of Contract. (COA 1)**

Plaintiffs claim breach of contract based on an alleged breach of a "Repayment Agreement." (FAC ¶ 18.) To assert a claim for breach of contract, Plaintiffs must allege: (1) the existence of the contract, (2) plaintiff's performance or excuse for nonperformance, (3)

1  defendant's breach, and (4) the resulting damages to the plaintiff. *Reichert v. General Ins. Co.,*

2  68 Cal.2d. 822, 830 (1968). The facts of the breach must be pleaded with specificity. *Levy v.*

3  *State Farm Mut. Auto Ins. Co.,* (2007) 150 Cal.App.4th 1; *Golden Eagle Refinery Co., Inc. v.*

4  *Associated Intern Ins. Co.,* 83 Cal.App.4th 1300 (2001).

5        Plaintiffs fail to allege a breach of contract claim because they fail to attach the executed

6  Repayment Agreement to the FAC as discussed above. They also fail to allege any of the terms

7  and conditions of the alleged Repayment Agreement, including whether the "agreement"

8  constitutes a contract at all. Plaintiffs claim that "the agreement was signed by a CRM-SPOC

9  Supervisor named Jesse Bainter." (FAC ¶ 18). Plaintiffs do not identify Bainter beyond the

10  undefined acronym "CRM-SPOC" and they do not allege that Bainter had authority to enter into

11  an agreement on behalf of Aurora, Nationstar or US Bank. In addition, Plaintiffs fail to provide a

12  copy of the "agreement" as executed by Bainter or any party, including their own signatures. In

13  fact, Plaintiffs entirely fail to allege that they themselves ever executed the agreement or that the

14  Repayment Agreement constituted a valid and binding contract in any respect. They fail to attach

15  a valid agreement to the FAC, and only describe alleged terms under the Repayment Agreement in

16  very vague and conclusory terms. Plaintiffs fail to identify the contract provisions that they claim

17  were breached. (*See* generally FAC and FAC ¶ 18).

18        Plaintiffs do not plead facts showing that any offer was made to them as borrowers on the

19  Loan or that Aurora, Nationstar or U.S. Bank owed Plaintiffs duties and obligations under the

20  alleged Repayment Agreement. They do not allege that they signed and returned the Repayment

21  Agreement, and they admit that they did not make any payments under such an alleged agreement.

22  (FAC ¶ 32.) In fact, the FAC admits that Nationstar and U.S. Bank told Plaintiffs that there was

23  no "agreement" and that Plaintiffs would need to reapply for a loan modification. (FAC ¶ 21).

24  Plaintiffs admit that they operated as if there was no agreement between the parties, and submitted

25  a new loan modification application. (*Id.*) Therefore, even if the "Repayment Agreement" could

26  have been accepted by Plaintiffs, which Defendants deny, Plaintiffs have not shown that the offer

27  was timely or properly accepted or that they continued to attempt to make payments and act as if

28  the Repayment Agreement governed their obligations to repay the Loan. (FAC ¶¶ 21-23).

Plaintiffs admit that they underwent a further modification review.  (FAC ¶ 23).

Absent a valid and enforceable contract between themselves and any Defendant—separate and distinct from the offer itself— a plaintiff's claim for breach of contract fails.  As stated, Plaintiffs have failed to demonstrate that an actual contract existed because they have not provided an executed copy of any such "agreement."  Plaintiffs have not pled full acceptance and they fail to allege that both Plaintiffs and Defendants executed any written contract to permanently modify the Loan.  Accordingly, the breach of contract claim fails.  *See Armstrong Petroleum Corp. v. Tri-Valley Oil & Gas Co*., 116 Cal.App.4th 1375, 1391 (2004) (recognizing that the existence of a valid and enforceable contract is an essential element of a claim for breach of contract).

Therefore, Defendants' Motion to Dismiss the cause of action for breach of contract should be sustained as the cause of action fails as a matter of law.

**B.**       **The Breach of the Covenant of Good Faith and Fair Dealing Claim Fails (COA 2)**

Plaintiffs contend that Defendants breached a duty of good faith and fair dealing by not honoring a "Repayment Agreement" that Plaintiffs claim they entered with Aurora in June 2012. (FAC ¶ 37).  Plaintiffs claim that Nationstar and U.S. Bank further interfered with "the agreement" by not accepting their monthly payment of arrears.  (FAC ¶ 39).  This claim fails due to Plaintiffs' failure to plead or attach a valid contract, or to plead its essential terms and conditions.  As such, the allegations remain vague and unsupported, and Plaintiffs' claim fails to state any claim based on the existence of a contract, or Defendants' alleged failure to perform under an agreement.

"The covenant of good faith and fair dealing, implied by law in every contract, exists merely to prevent one contracting party from unfairly frustrating the other party's right to receive the benefits of the agreement actually made." *Guz v. Bechtel Nat. Inc.*, 24 Cal.4th 317, 349 (2000); *see also Ren v. Wells Fargo Bank, N.A.*, 2013 U.S. Dist. LEXIS 80575 (N.D. Cal. 2013); *Pacini v. Nationstar Mortgage*, LLC, 2013 U.S. Dist. LEXIS 84215, 17-19 (N.D. Cal. 2013).  [T]he factual elements necessary to establish a breach of the covenant of good faith and fair dealing are: (1) the parties entered into a contract; (2) the plaintiff fulfilled his obligations under the contract; (3) any

8

conditions precedent to the Defendants' performance occurred; (4) Defendants unfairly interfered with the plaintiff's rights to receive the benefits of the contract; and (5) the plaintiff was harmed by Defendants' conduct. *See  Rosenfeld v. JPMorgan Chase Bank, N.A.*, 732 F.Supp.2d 952, 968 (N.D. Cal. 2010); *Franczak v. Suntrust Mortg. Inc.*, 2013 U.S. Dist. LEXIS 31138 at *13; *Plastino v. Wells Fargo Bank*, 873 F. Supp. 2d 1179, 1191-92 (N.D. Cal. 2012).

With regard to the first element concerning the existence of a contract, "[t]he implied covenant of good faith and fair dealing rests upon the existence of some specific contractual obligation. . . . [T]he implied covenant is limited to ensuring compliance with the express terms of the contract, and cannot be extended to create obligations not contemplated in the contract." *Racine & Laramie, Ltd. v. California Dep't of Parks & Recreation*, 11 Cal.App.4th 1026, 1031-32 (1992); *see also Carma Developers, Inc. v. Marathon Dev. Cal., Inc.*, 2 Cal.4th 342, 373 (1992) ("it is universally recognized [that] the scope of a conduct prohibited by the covenant of good faith is circumscribed by the purposes and express terms of the contract.").

Here, Plaintiffs' allegations do not state a claim for violation of the implied covenant of good faith and fair dealing. First, Plaintiffs fail to assert the existence of a valid contract.  They attach an unexecuted version of a document they claim constitutes the "agreement."  They do not assert that they executed it or the date of such execution.  They do not attach the agreement as it was executed by "Jesse Bainter" to the FAC.  (*See* generally FAC.)  Other than referencing the general obligation to make monthly payments of arrears, Plaintiffs have not identified the actual contract or contract provisions under which this cause of action arises. (*Id.*)  Furthermore, beyond claiming that Aurora and U.S. Bank "prevented" Plaintiffs from performing under the "agreement," Plaintiffs have not pointed out the specific contractual provision within this unidentified contract that Defendants purportedly impeded.  (*Id.*)  Plaintiffs do not identify the amount of the monthly payment of arrears that they supposedly attempted to pay.  They do not identify the dates on which they attempted to make payment but were denied.  They do not identify any individuals at Aurora or U.S. Bank who allegedly communicated with them about the existence or non-existence of the contract – and in fact, Plaintiffs admit that Defendants denied the existence of the contract and required Plaintiffs to apply again for a loan modification, which

Plaintiffs admit they did.  (FAC ¶ 21).

In addition, nothing alleged could be classified as the type of "unfair interference" which, if proven, could support this claim. For an implied covenant claim to proceed, the allegations "must show that the conduct of the defendant, whether or not it also constitutes a breach of a consensual contract term, demonstrates a failure or refusal to discharge contractual responsibilities, prompted not by an honest mistake, bad judgment or negligence but rather by a conscious and deliberate act, which unfairly frustrates the agreed common purposes and disappoints the reasonable expectations of the other party thereby depriving that party of the benefits of the agreement." *Careau & Co. v. Sec. Pac. Bus. Credit, Inc.*, 222 Cal.App.3d 1371, 1395 (1990).

As pled, Plaintiffs fail to allege the existence of a contract. (*See gen*. FAC).  Nothing about the allegations in the FAC suggest that Defendants "consciously" and "deliberately" sought to induce Plaintiffs' default by requiring Plaintiffs to apply for a new loan modification. (*See* FAC ¶ 21); *see also Franczak*, 2013 U.S. Dist. LEXIS 31138 at *8-9.  Indeed, it was Plaintiffs' choice to pursue a loan modification in the end and it was Plaintiffs' decision alone to go into default. Plaintiffs' allegations do not indicate that Defendants forced them into the process, frustrated their ability to perform under any alleged "agreement" or actively interfered with their ability to remit their monthly payments. *See Franczak*, 2013 U.S. Dist. LEXIS 31138 at *3 ("Being left with an impression that a particular action is encouraged is something very different than actually being required to do something.") (quotations omitted). Accordingly, Plaintiffs cannot satisfy the "unfair interference element" of a breach of implied duties claim.

For the foregoing reasons, Defendants respectfully request that this Court dismiss this cause of action with prejudice.

## C.   Plaintiffs Fail to State a Claim for Violation of Cal. Civil Code Section 2923.55.  (COA 3).

A servicer "may not record a notice of default pursuant to Section 2924" for at least 30 days after it makes contact with the borrower to discuss the borrower's financial circumstances and "options to avoid foreclosure" in the manner prescribed at § 2923.55(b)(2).  The servicer must

10

also let the borrower know that the borrower may request copies of the recorded foreclosure documents and the borrower's payment history.  Civil Code § 2923.55(b)(1)(B).  A notice of default recorded pursuant to Section 2924 "shall include a declaration that the mortgage servicer has contacted the borrower, has tried with due diligence to contact the borrower as required by this section, or that no contact was required because the individual did not meet the definition of "borrower" pursuant to subdivision (c) of Section 2920.5."  Section 2923.55(b)(2)(c).

Here, the FAC alleges that Defendants have violated Section 2923.55 by recording a Notice of Default in "San Francisco County Superior Court" that contains an incorrect Declaration.  (FAC ¶¶ 23, 46).  Plaintiffs apparently refer to a declaration attached to the July 2013 NOD on which a box is checked that the requirements of Section 2923.55 do not apply because "the property is not secured by a first lien mortgage."  (RJN Ex. D).  However, the trustee rescinded the July 2013 NOD and recorded the August 2013 NOD on August 27, 2013.  The August 27, 203 NOD is therefore the only operative NOD.  (RJN Ex. F).  Additionally, Plaintiffs' assertion that the July 2013 NOD was recorded in the San Francisco County Superior Court is nonsensical and leaves the allegations of this claim uncertain, vague and ambiguous under Fed. R. Civ. P. 8(a).  The NODs would not be recorded in any California Superior Court but would have been recorded in the county recorder's office.  Both NODs were clearly recorded in the San Francisco County Recorder's Office.  (RJN Exhs. D and F).  This Court should grant the motion to dismiss.

**D.**   **Plaintiffs Fail to State a Claim under Cal. Bus. & Prof. Code Section 17200. (COA 4)**

**1.      Plaintiffs Lack Standing to Pursue a UCL Claim.**

Plaintiffs have premised their Unfair Competition – Bus. & Prof. Code § 17200 ("UCL") claim on the same deficient arguments brought forth in the FAC.  (*See* FAC ¶¶ 51-54).  However, Plaintiffs lack standing to bring claim under the UCL because they have not alleged any facts indicating that they suffered any injury as a result of unfair competition by Defendants.  To establish standing, a private plaintiff must allege that he "has suffered injury in fact and has lost money or property" as a result of the alleged unfair practices of Defendants. *See* Bus. & Prof.

Code §17204.  In the instant matter, Plaintiffs allege simply that they have suffered "various injuries," (FAC ¶ 54), but they do not itemize any monetary losses and do not and cannot allege that they have lost any property because they do not claim that the Subject Property has been sold.  Therefore, Plaintiffs lack standing to bring a UCL claim.

### 2.      Plaintiffs' UCL Claim Fails.

The UCL establishes three separate varieties of unfair competition: acts or practices which are (1) unlawful, or (2) unfair or (3) fraudulent.  *See Cal-Tech Commc'ns., Inc. v. L.A. Cellular Tel. Co.*, 20 Cal.4th 163, 180  (1999).   In proscribing unlawful business practices, the UCL "borrows" violations of other laws and treats them as unlawful practices. *See Durell v. Sharp Healthcare*, 183 Cal.App.4th 1350, 1361 (2010).  Thus, "unlawful" practices are practices "forbidden by law, be it civil or criminal, federal, state, or municipal, statutory, regulation, or court-made." *See Saunders v. Sup. Ct.*, 27 Cal.App.4th 832, 838-39 (1994).  To state a cause of action based on an "unlawful" business act or practice under the UCL, a plaintiff must allege facts sufficient to show a violation of some underlying law. *See People v. McKale*, 25 Cal. 3d 626, 635 (1979); *Lazar v. Hertz Corp.,* 69 Cal.App.4th 1494, 1505 (1999) ("In effect, the UCL borrows violations of other laws…and makes those unlawful practices actionable under the UCL."); *Berryman v. Merit Prop. Mgmt., Inc*., 152 Cal.App.4th 1544, 1554 (2007).  Thus, a UCL claim stands or falls depending on the fate of antecedent substantive causes of action.  *See Krantz v. BT Visual Images*, 89 Cal.App.4th 164, 178 (2001).

A business act or practice is "unfair" when the conduct "offends an established public policy or when the practice is immoral, unethical, oppressive, unscrupulous, or substantially injurious to consumers."  *See S. Bay Chevrolet v. Gen. Motors Acceptance Corp*., 72 Cal.App.4th 861, 886-87 (1999). To sufficiently plead an action based on an "unfair" business act or practice, a plaintiff must allege facts showing the "unfair" nature of the conduct and that the harm caused by the conduct outweighs any benefits that the conduct may have.  *See Motors, Inc. v. Times Mirror Co.*, 102 Cal.App.3d 735, 740 (1980).  When "determining whether the challenged conduct is unfair within the meaning of unfair competition law…courts may not apply purely subjective notions of fairness."  *Scripps Clinic v. Superior Court*, 108 Cal.App.4th 917, 941 (2003).  Rather,

12

1  such a claim requires a plaintiff to tether its allegation to a constitutional or statutory provision or

2  regulation carrying out such a statutory policy. *See Ferrington v. McAfee, Inc*., 2010 U.S. Dist.

3  LEXIS 106600, *11-13 (N.D. Cal. 2010) (citing *Lozano v. AT&T Wireless Servs.,* 504 F.3d 718

4  (9th Cir. 2007) (discussing the use of the tethering test in California courts and the Ninth Circuit).

5  A plaintiff alleging unfair business practices under the UCL "must state with reasonable

6  particularity the facts supporting the statutory elements of the violation." *See Khoury v. Maly's of*

7  *Cal., Inc.*, 14 Cal.App.4th 612, 619 (1993).

8      A claim for fraudulent business acts under the UCL is distinct from a common law fraud

9  claim. Under the UCL, a plaintiff need not show reliance in order to state a claim for fraudulent

10  business acts. *See Klein v. Earth Elements*, 59 Cal.App.4th 965, 970 (1997). A plaintiff need only

11  allege that the public is likely to be deceived by the alleged business acts. *See id*. However, all

12  claims alleging fraudulent business practices under the UCL are subject to the heightened pleading

13  standard of Rule 9(b). *See Carson v. Bank of America, N.A.*, 2013 U.S. Dist. LEXIS 12800, *25.

14      In the instant matter, Plaintiffs fail to allege that Defendants engaged in business practices

15  that were unfair, unlawful and/or fraudulent. Rather, Plaintiffs simply reassert their claim that

16  Defendants breached a contract, breached the covenant of good faith and fair dealing, and violated

17  Cal. Civil Code section 2923.55. (FAC ¶¶ 51-53). The pleadings are insufficient to establish a

18  cause of action for any of the three varieties of unfair competition. First, Plaintiffs fail to plead

19  facts sufficient to establish that Defendants have violated any law and thus engaged in unlawful

20  business acts. Although Plaintiffs list the other three causes of action in the FAC, none of these

21  claims provide the basis for any alleged wrongful conduct. *See supra*. Accordingly, Plaintiffs'

22  claim for unlawful business practices must also fail.

23      Second, Plaintiffs have not met the heightened pleading requirements of Rule 9(b), and

24  thus fail to state a claim for fraudulent business practice. A properly pled fraud claim requires

25  allegations of (1) a representation; (2) falsity; (3) knowledge of falsity; (4) intent to deceive; and

26  (5) reliance and resulting damage (causation). *See Warren v. Merrill* 143 Cal.App.4th 96, 110

27  (2006); *Oakland Raiders v. Oakland-Alameda Co. Coliseum* 144 Cal.App.4th 1175, 1184 (2006).

28  Circumstances constituting fraud-based claims must be stated "with particularity." *See* Fed. R.

Civ. P. 9(b) ("Rule 9(b)"); *Desaigoudar v. Meyercord*, 223 F.3d 1020, 1022-23 (9th Cir. 2000); *Wayne Merritt Motor Co. v. N.H. Ins. Co.*, 2012 U.S. Dist. LEXIS 105117 (N.D. Cal. 2012) ("Courts in the Ninth Circuit have held that claims for both fraud and negligent misrepresentation are subject to Rule 9(b)"). "[I]n a fraud action against a corporation [Plaintiff is required] to allege the names of the persons who made the allegedly fraudulent representations, *their authority to speak*, to whom they spoke, what they said or wrote and when it was said or written." *Tarmann v. State Farm Mut. Auto. Ins. Co.*, 2 Cal.App.4th 153, 157 (1991) (emph. added). Allegations of fraud must be specific enough to give Defendants notice of the particular misconduct so that they can defend against the charges and not simply deny that they have done anything wrong. *See Lazar v. Super. Ct.,* 12 Cal.4th 631, 645 (1996).

Here, Plaintiffs fail to allege any of the "who, what, when, where, and how" of any alleged misrepresentation. Rather, the FAC merely alleges that on or around June 2012 Plaintiffs entered into a "Repayment Agreement" with Aurora that Nationstar and U.S. Bank later failed to honor. (*See* FAC ¶¶ 18-21). Plaintiffs fail to plead that the "Repayment Agreement" is a contract, and they provide no detail concerning their own execution of the agreement, they fail to attach an executed copy of the document they claim constitutes the "agreement" and they provide only minimal, vague alleged terms without identifying the relevant contract provisions. (*See* generally FAC). Plaintiffs also allege that following this, Defendants refused to accept their monthly payment of arrears, although they acknowledge that Nationstar told them there was no "Repayment Agreement" and that Plaintiffs would have to apply for a loan modification. (FAC ¶ 21). These allegations are insufficient to meet Plaintiffs' burden of pleading fraud-based claims with specificity. *See Harris v. Wells Fargo Bank, N.A.*, 2013 U.S. Dist. LEXIS 61847, 32-33 (N.D. Cal. 2013); *see also Perlas v. GMAC Mortgage LLC*, 187 Cal.App.4th 429, 434 (2010).

Accordingly, Plaintiffs' UCL claim fails and should be dismissed with prejudice based on the facts alleged.

## VI.   LEAVE TO AMEND SHOULD NOT BE GRANTED

Plaintiffs' claims are factually and legally deficient to state any cause of action. Futility of amendment can, by itself, justify the denial of a motion for leave to amend." *Bonin v. Calderon*,

14

1   59 F.3d 815, 845 (9th Cir. 1995).  Any amendment would be "futile" because Plaintiffs cannot

2   allege any facts that would constitute a valid claim.  *See Miller v. Rykoff-Sexton, Inc.*, 845 F.2d

3   209, 214 (9th Cir. 1988). Plaintiffs' claims are grounded in a fundamentally flawed theory that

4   Defendants failed to honor a "Repayment Agreement."  But Plaintiffs have failed to plead the

5   existence of a valid contract.  Even if they the Repayment Agreement can be deemed to be a

6   contract, which Defendants deny, Plaintiffs have failed to attach any such agreement as executed

7   and fail to set out with specificity any of the essential terms or conditions of the agreement.  As

8   demonstrated throughout this motion, no set of facts could rehabilitate Plaintiffs' faulty legal

9   theories.  Accordingly, Defendants respectfully request that their Motion to Dismiss be granted

10  with prejudice.

11  **VII.    CONCLUSION**

12          For the foregoing reasons, Defendants respectfully request that this Court grant

13  Defendants' Motion to Dismiss the FAC without leave to amend.

14

15  Dated: January 3, 2014                    **MCGUIREWOODS LLP**

16

17                              By:    _____/s/ Alison V. Lippa_____

18                                     Alison V. Lippa, Esq.
                                       Attorneys for Defendants
19                                     NATIONSTAR MORTGAGE LLC, erroneously
                                       sued as Nationstar Mortgage*, individually and as*
20                                     *successor in interest to Aurora Bank FSB*, and
                                       U.S. BANK, N.A., *erroneously sued as U.S. Bank*

21

22

23

24

25

26

27

28

DEFENDANTS' NOTICE OF HEARING ON MOTION AND MOTION TO DISMISS PLAINTIFFS' FIRST
AMENDED COMPLAINT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(B)(6);
MEMORANDUM OF POINTS & AUTHORITIES IN SUPPORT THEREOF

1

## <u>CERTIFICATE OF SERVICE</u>

2  STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

3        I am employed in the County of Los Angeles, State of California.  I am over the age of eighteen years and not a party to the within action; my business address is 1800 Century Park
4  East, 8th Floor, Los Angeles, CA 90067-1501.

5        On the date below, I served the following document(s) described as **DEFENDANTS' NOTICE OF HEARING ON MOTION AND MOTION TO DISMISS PLAINTIFFS'**
6  **FIRST AMENDED COMPLAINT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6); MEMORANDUM OF POINTS & AUTHORITIES IN SUPPORT**
7  **THEREOF** on the interested parties in this action by placing true copies thereof enclosed in sealed envelopes addressed as follows:

8

9        Matthew D. Mellen, Esq.            Attorney for Plaintiffs
      Sarah Adelaars, Esq.              RANI CROSHAL and
10        MELLEN LAW FIRM              BRADLEY CROSHAL
      411 Borel Ave., Suite 230
11        San Mateo, CA 94402
      Tel: (650) 638-0120; Fax: (650) 638-0125

12  ☒    **BY MAIL:**  I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing with the United States Postal Service.  Under that practice, it
13         would be deposited with the United States Postal Service that same day in the ordinary course of business.  Such envelope(s) were placed for collection and mailing with postage
14         thereon fully prepaid at Los Angeles, CA, on that same day following ordinary business practices.  (C.C.P. § 1013 (a) and 1013(a)(3))

15

16  ☒    **ELECTRONICALLY VIA THE USDC'S CM/ECF SYSTEM**

17  ☐    **BY OVERNIGHT DELIVERY:**  I deposited such document(s) in a box or other facility regularly maintained by the overnight service carrier, or delivered such document(s) to a
       courier or driver authorized by the overnight service carrier to receive documents, in an
18         envelope or package designated by the overnight service carrier with delivery fees paid or provided for, addressed to the person(s) served hereunder.  (C.C.P. § 1013(d)(e))

19

20  ☐    **BY HAND DELIVERY:**  I delivered such envelope(s) by hand to the office of the addressee(s).  (C.C.P. § 1011(a)(b))

21  ☐    **BY PERSONAL SERVICE:**  I personally delivered such envelope(s) to the addressee(s).  (C.C.P. § 1011)
22

23        I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.  Executed on January 3, 2014, at Los Angeles, CA.

24

25                                  */s/ Mark Betti*
                                Mark Betti
26

27

28